# Exhibit A

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

15-10-32086-MCV

| | | |
|---|---|---|
| CAUSE NO. _____ | | |
| MARISOL HERNANDEZ<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | **293RD** _____ JUDICIAL DISTRICT |
| SCOTTSDALE INSURANCE COMPANY<br>*Defendant* | §<br>§<br>§<br>§ | MAVERICK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **MARISOL HERNANDEZ**, complaining of **SCOTTSDALE INSURANCE COMPANY,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Maverick County, Texas.

3. Defendant Scottsdale Insurance Company is an Ohio Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent: Karen Flukas, PO Box 4120, Scottsdale, AZ 85261.

### III. JURISDICTION & VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Scottsdale Insurance Company (hereinafter "Scottsdale") because it is engaging in the business of insurance in the State of Texas. Venue is proper in this county because the insured property is situated in Maverick County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

Case 2:15-cv-00130-AM-CW   Document 1-1   Filed 12/10/15   Page 3 of 12

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

## IV. FACTS

5. Plaintiff is the owner of the Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Scottsdale.

6. Plaintiff owns the insured property, located at 2195 Cantera, Eagle Pass, Texas 78852 (hereinafter referred to as "the Property").

7. Scottsdale sold the Policy insuring the property to Plaintiff.

8. On or about April 23, 2014, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of April 23, 2014, a strong supercell thunderstorm moved through the Eagle Pass, Texas area producing heavy rains, and damaging wind and hail.

9. Plaintiff submitted claims to the Defendant against the policy for damages to the Property as a result of the April 23, 2014 storm. Plaintiff requested that the Defendant cover the costs of these repairs pursuant to the policy they entered into with the Defendant.

10. The Plaintiff reported the damage to the covered Property to the Defendant Scottsdale. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its inspections, investigations, and payment and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

11. As of the date of this filing, the Defendant continues to delay in the payment for the damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to his home.

12. Defendant Scottsdale failed to perform its contractual duties to adequately

Case 2:15-cv-00130-AM-CW   Document 1-1   Filed 12/10/15   Page 4 of 12

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Scottsdale has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Scottsdale's conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

13. Defendant Scottsdale has misrepresented to Plaintiff there was no damage to areas of the home that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

14. Defendant Scottsdale failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

15. Defendant Scottsdale failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Scottsdale failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Scottsdale did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Scottsdale's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

Case 2:15-cv-00130-AM-CW   Document 1-1   Filed 12/10/15   Page 5 of 12

Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

16. Defendant Scottsdale's refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Scottsdale failed to conduct a reasonable investigation. Specifically, Defendant Scottsdale performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

17. Defendant Scottsdale failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

18. Defendant Scottsdale failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Defendant Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

19. Since the date Plaintiff presented his claim to Defendant Scottsdale, the liability of Defendant Scottsdale to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Scottsdale has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Scottsdale's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. Defendant Scottsdale knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material

information from Plaintiff.

21. As a result of Defendant Scottsdale's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action Against Defendant Scottsdale

22. Defendant Scottsdale is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### Breach of Contract

23. Defendant Scottsdale's conduct constitutes a breach of the insurance contract made between Defendant Scottsdale and Plaintiff.

24. Defendant Scottsdale's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Scottsdale's insurance contract with Plaintiff.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

25. Defendant Scottsdale's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §5411.151.

26. Defendant Scottsdale's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.

Case 2:15-cv-00130-AM-CW   Document 1-1   Filed 12/10/15   Page 7 of 12

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

Tex. Ins. Code §541.060(a)(1).

27. Defendant Scottsdale's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Scottsdale's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

28. Defendant Scottsdale's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

### Noncompliance With Texas Insurance Code: The Prompt Payment of Claims

29. Defendant Scottsdale's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060.

30. Defendant Scottsdale's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

31. Defendant Scottsdale's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

32. Defendant Scottsdale's failure, as described above, to adequately and reasonably

Case 2:15-cv-00130-AM-CW   Document 1-1   Filed 12/10/15   Page 8 of 12

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

investigate and evaluate Plaintiff's claim, although, at that time, Defendant Scottsdale knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### Fraud

33. Defendant Scottsdale is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendant Scottsdale knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### Knowledge

36. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### VI. DAMAGES

37. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. As previously mentioned, the damages caused by this storm have not been properly addressed or repaired in the months and now years since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Scottsdale's mishandling of Plaintiff's claim in violation of the laws set forth

Case 2:15-cv-00130-AM-CW Document 1-1 Filed 12/10/15 Page 9 of 12

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

above.

39. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

40. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

41. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

44. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Case 2:15-cv-00130-AM-CW   Document 1-1   Filed 12/10/15   Page 10 of 12

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

45. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include their past and future medical expenses, that should have been paid pursuant to the policy, mental anguish, pain and suffering, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex. Ins. Code §541.152.

46. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code §542.060.

47. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. In accordance with Rule 47, as amended, and with the information currently available, Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million) dollars.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

49. Under Texas Rule of Civil Procedure 194, plaintiff request that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### Plaintiff's 1st Requests for Production to Defendant Scottsdale

50. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b),

Case 2:15-cv-00130-AM-CW   Document 1-1   Filed 12/10/15   Page 11 of 12

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

consider these Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she will show herself justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By: /s/ Michael A. Lawrence

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)

Mr. Dan Cartwright

Electronically Filed at
10/5/2015 12:00:00 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: M Cazares, Deputy

State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF